**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **SHERRY ROBINSON** | : | |
| | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | 7:07-cv-167 (HL) |
| | : | |
| **ED SCHAFER,[1] Secretary, UNITED STATES DEPARTMENT OF AGRICULTURE,** | : | |
| | : | |
| | : | |
| | : | |
|     **Defendant.** | : | |

**O R D E R**

**I.    INTRODUCTION**

At issue in this case are various credit transactions that allegedly provide the basis for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691-1691f. The ECOA was enacted to prevent discrimination in the consumer credit arena. The controversial transactions in this case were credit applications submitted to the Farmer's Home Administration ("FmHA") and its successor, the Farm Service Agency ("FSA"), that were summarily denied. Plaintiff Sherry Robinson is a female farmer engaged in a commercial squash farming operation. She filed the present action against the Secretary of the United States Department of Agriculture ("USDA"), alleging that the denials of her loan applications were discriminatory on the basis of her sex.

Currently pending before the Court is a Motion to Dismiss (doc. 4) filed by Defendant Chuck

---

[1] The Complaint named Mike Johanns, former Secretary of Agriculture, as the party defendant. The Court now substitutes Ed Schafer, the current secretary, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Conner, Acting Secretary for the USDA.[2]  Through this motion, Defendant seeks dismissal of Plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to Rule 12(b)(6).  Having given full and careful consideration to the parties' briefs and the applicable law, the Court presents its findings below.

## II. BACKGROUND

The following factual allegations are derived from the Complaint and Defendant's Motion to Dismiss which Plaintiff adopted as accurate.  The facts are viewed in the light most favorable to Plaintiff.  Plaintiff Sherry Robinson is a female farmer.  In 1991, she commenced preparation for a commercial squash farming operation in Brooks County, Georgia.   In the early months of 1992, Plaintiff applied for two farm loans at the Lowndes County office of the FmHA.  The first loan was for operating capital to farm a fifteen acre plot leased by Plaintiff.  The second loan was a farm ownership loan used to purchase an approximately ninety acre tract of land.

Despite being qualified for the loans, Plaintiff was forced to resubmit the applications for various deficiencies.  When the applications were finally accepted by the FmHA, they were summarily denied.  The disposition of loan applications with the FmHA in Lowndes County is determined through a review conducted by a county committee.  Plaintiff alleges that a member of the committee sought to have her applications denied because of her sex.

Plaintiff appealed the decision to deny her applications to the National Appeals Division

---

[2] According to Defendant, Mike Johanns resigned his post as Secretary of the Department of Agriculture in September of 2007.  On December 4, 2007, when the pending Motion to Dismiss was filed, Deputy Secretary Chuck Connor was serving as Acting Secretary.  On January 28, 2008, Ed Schafer was sworn in as the 29th Secretary of the Department of Agriculture.  As mentioned above, the case caption now reflects this change.

("NAD") of the USDA, and the local FmHA decisions were overturned. In spite of the determinations from the NAD, the local FmHA still refused to grant Plaintiff the loan. Plaintiff was forced to notify the Washington, D.C. FmHA office before the loans were finally approved. On or about September 4, 1992, Plaintiff received the farm operating loan and on or about Oct 1, 1992, Plaintiff received the farm ownership loan. Using the farm ownership loan proceeds, Plaintiff promptly purchased the ninety four acre tract located in Brooks County.

Plaintiff continued to receive various other small loans to further her farming operation until 1995. On or about the fall of 1995, Plaintiff leased seventy two acres in Thomas County on which to continue her squash farming. A year later, Plaintiff leased another 110 acres of land in Colquitt County on which to farm. In the fall of 1998, however, Plaintiff's farming operation in Colquitt County was severely damaged, resulting in a large loss of her crops. The damage was so extensive that Plaintiff was compelled to apply for disaster relief funds at the Colquitt County FSA. Later that year, in December, Plaintiff also applied for an emergency loss loan from the Colquitt County FSA, but that application was summarily denied.

In early 1999, Plaintiff appeared at the Colquitt County FSA to participate in a conference call that had been arranged to help Plaintiff develop a financing plan that would allow her to continue farming operations through the end of the year. The intended result of the conference call was that Plaintiff be approved for an emergency loss loan in the amount of $178,000 and disaster relief benefits in the amount of $68,000. Notwithstanding the agreement reached during the conference call, the Colquitt County FSA nevertheless denied Plaintiff's emergency loss loan. Again, Plaintiff was forced to appeal the denial of her emergency loss loan to the NAD, and again, despite having won her appeal, the Colquitt County FSA refused to disburse any emergency loss

3

loan funds. Plaintiff was forced to travel to the state FSA office in Athens, Georgia and have the state office contact the Colquitt County FSA and authorize the loan. Only then did Plaintiff receive any funds from the loan.

With respect to the disaster relief funds, the Colquitt County FSA notified Plaintiff in May of 2000 that she had been denied issuance of relief funds, the earlier conference call notwithstanding. Plaintiff appealed the denial of disaster relief funds to the NAD to no avail, as her appeal was dismissed as untimely.

Around the same time, the Colquitt County FSA declared Plaintiff to be in default on all of her USDA loans; however, they neglected to inform her of available loan servicing that would have allowed her to restructure her debt. Because she was never informed, Plaintiff was allowed to submit a handwritten request for loan servicing. Nevertheless, in September of 2000, only eight days after receiving notification of her loan servicing options, Plaintiff was informed that due to her having acted in bad faith, her request for loan servicing would be denied and all of her loans would be accelerated. Plaintiff appealed the denial of loan servicing to the NAD, and her appeal was ultimately successful. And even though the local FSA mailed Plaintiff a letter initially telling her that the original denial of loan servicing was done in error, she received a separate letter from the FSA denying her request because of her either having already received debt forgiveness or being delinquent on a loan.

In the time since Plaintiff received the letters in April of 2001, the only other events that Plaintiff alleged were the actions she took in bankruptcy court in an effort to salvage her farming operation–no other requests for loans or loan servicing took place. Plaintiff filed the instant action on October 1, 2007, and Defendant responded with the currently pending pre-answer motion to

4

dismiss.

## III. DISCUSSION

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal rules of Civil Procedure, Defendant moves this Court to dismiss Plaintiff's claims that she was discriminated against in violation of the ECOA. At this stage of the case, Defendant does not object to the substance of Plaintiff's claims.[3] Instead, Defendant contends that Plaintiff's entire claim should be dismissed because the applicable statute of limitations has run. Specifically, Defendant cites a provision of the ECOA that articulates a two-year statute of limitations with a narrow set of exceptions that are not applicable in the case at bar.[4] According to Defendant, dismissal for failure to state a claim upon which relief can be granted is appropriate in this case, where none of Plaintiff's alleged ECOA violations occurred within the two-year period prior to the filing of the Complaint. Further, Defendant argues that because Plaintiff's claim was untimely filed outside of the limitations period, the waiver of sovereign immunity created by the ECOA to allow suits against the United States is inapplicable. Without the function of the sovereign immunity waiver, Defendants aver that Plaintiff's claim must be dismissed for lack of subject matter jurisdiction.

### A. Motion to Dismiss Standards

---

[3] Plaintiff's lawsuit is filed pursuant to the ECOA which provides in pertinent part: "It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract) . . . ." 15 U.S.C. § 1691(a)(1).

[4] Section 1691e(f) provides in pertinent part: "Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1691e(f).

Defendant moves to dismiss Plaintiff's Complaint, relying on two provisions of Federal Rule of Civil Procedure 12, which provides in part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . (6) failure to state a claim upon which relief can be granted . . . .

Fed. R. Civ. P. 12(b)(1), (6). A Rule 12(b)(1) dismissal–a tool for defendants to challenge the district court's jurisdiction over the subject matter of the case–can be presented as either a facial attack or a factual attack. A facial attack is a subject matter jurisdiction challenge based solely on the allegations presented in the complaint. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). When deciding whether to grant a facial attack, the court must treat the allegations in the complaint as if they are true. Id.; Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).[5] A factual attack, on the other hand, is a subject matter jurisdiction challenge based on extrinsic evidence. Lawrence, 919 F.2d at 1529. Rather than being limited to the pleadings, a district court is free to weigh the evidence in order to make its determination, even if the material facts are disputed. Id.; see also Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981). With respect to factual attacks, the Eleventh Circuit has held that "[a] district court should only rely on Rule 12(b)(1) 'if the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.'" Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (citing Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1261 (11th Cir. 1997)).

A Rule 12(b)(6) dismissal is a tool available for defendants to challenge the merits of a cause

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

6

of action for failure to state a claim upon which relief can be granted. When a defendant seeks the dismissal of a claim, the court must accept as true the facts pleaded in the complaint. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007) (noting that circuit courts "are guided by the same principles of review as the district court" for purposes of a 12(b)(6) motion). The complaint should be construed liberally and in the light most favorable to the plaintiff; all reasonable inferences derived from the complaint should be interpreted to benefit the non-movant plaintiff. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1307 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

The Federal Rules of Civil Procedure governing what must be presented in a complaint require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard for what is necessary to satisfy the pleading requirement was recently modified by the Supreme Court in Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007), rendering the longstanding Conley standard obsolete.[6] The United States Court of Appeals for the Eleventh Circuit recently interpreted the Twombly pleading standard: "In order for the plaintiff to satisfy his 'obligation to provide the grounds of his entitlement to relief,' he must allege more than 'labels and conclusions'; his complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (citing Twombly, 127 S.Ct. at 1964-65.). In light of the abrogation of fifty year old

---

[6] Indeed, the venerable Conley standard–articulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) for the proposition that a motion to dismiss a plaintiff's complaint, or a portion thereof, under Rule 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"–is so ingrained that Defendant cited it (through an Eleventh Circuit opinion adopting the standard) despite its abrogation.

7

precedent, the Supreme Court reassured litigants that Rule 8 does not now require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.

B. **Equitable Tolling and the Timeliness of Plaintiff's Claims**

The motion pending before the Court seeks the dismissal of Plaintiff's Complaint filed on October 1, 2007 on the grounds that her claims are untimely. Defendant argues that the federal statute that grants Plaintiff a private right of action also prescribed a two-year statute of limitations, meaning any claim of discrimination alleged by Plaintiff must have taken place after October 1, 2005. Plaintiff acknowledges that the controversial credit transactions underlying her allegations of discrimination did not take place after October 1, 2005, and she makes no argument that the statute of limitations clock began to run at anytime after the denial of her credit applications. Plaintiff concedes that the refusal by this Court to employ the doctrine of equitable tolling to toll the applicable statute of limitations will prove fatal to her claims.

Defendant's Rule 12(b)(1) argument challenges this Court's subject matter jurisdiction to hear Plaintiff's claim because it was brought outside of the ECOA's statute of limitations. Specifically, Defendant contends that while "[t]he ECOA provides a waiver of sovereign immunity for claims asserting credit discrimination against the government," said waiver "only applies to claims which are timely filed under the ECOA's two-year limitations period." (Def's. Mot. to Dismiss, doc. 4-2, at 10.) Defendant relies on Eleventh Circuit authority for the proposition that "if a statute authorizing suits against the United States limits the time period in which such suits may be brought, the United States retains its sovereign immunity as to any suits brought outside of that time period." Compagnoni v. United States, 173 F.3d 1369, 1370 n.3 (11th Cir. 1999) ("Therefore,

8

the court does not have subject matter jurisdiction over a suit against the United States that is barred by the statute of limitations.").

Notwithstanding the language cited by Defendant, the Court concludes that the promulgation of the ECOA statute of limitations alone does not create a jurisdictional requirement allowing the government to retain its sovereign immunity should a claim be filed beyond the deadline. While no court in the Eleventh Circuit has addressed this issue explicitly, the United States District Court for the District of Columbia held: "Because the ECOA statute of limitations is not a condition on the government's waiver of soveriegn immunity, the failure to comply with the statute of limitations is not a jurisdictional failing." Williams v. Conner, 522 F. Supp. 2d 92, 99 (D.D.C. 2007) ("The government's motion therefore should not have been brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rather, the motion should have been presented as one for failure to state a claim under Rule 12(b)(6) . . . .").

The district court in Conner relied on two aspects of the ECOA to reach its conclusion. First, it noted the ECOA's application to any creditor with respect to any aspect of a credit transaction: "[The ECOA] applies to the federal government not through a specific section setting forth the waiver of sovereign immunity, but through the definition of what party may be sued–namely, a 'creditor'–and the government may be a creditor under the statute." Id. at 98-99. Second, it notes that Congress chose to have the statute of limitations apply to all claims filed under the ECOA, rather than articulate a separate limitations period for suits against the government. Id. at 99 ("[A]n entirely separate section of the statute sets forth the ECOA statute of limitations, and an examination of that section does not suggest that it should be read to condition the government's waiver of sovereign immunity as set forth in the definitional section."). This Court is in accord with the

9

district court in Conner, and adopts its holding here. Thus, the disposition of Defendant's motion must be decided under the Rule 12(b)(6) framework.

Defendant's Rule 12(b)(6) argument challenges Plaintiff's ability to state a claim upon which relief can be granted because, again, it was brought outside of the ECOA's statute of limitations. Accordingly, the disposition of Defendant's Motion to Dismiss turns on whether the doctrine of equitable tolling can revive Plaintiff's expired claims of discrimination when she sought to prosecute her case through administrative channels rather than the federal courts.

"'Equitable tolling' is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." Ellis v. GMAC, 160 F.3d 703, 706 (11th Cir. 1998). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); see Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) ("Equitable tolling is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence.").

"Unless Congress states otherwise, equitable tolling should be read into every federal statute of limitations." Id.; see also United States v. Locke, 471 U.S. 84, 94 n.10 (1985) ("Statutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling."). With respect to the ECOA, equitable tolling has not been contemplated in the Eleventh Circuit. However, the doctrine's application to ECOA suits has been addressed by other courts, and even determined to be applicable in certain cases. See, e.g., Farrell v. Bank of New Hampshire-Portsmouth, 929 F.2d 871, 874 (1st Cir. 1991) (recognizing circumstances in ECOA case where equitable tolling could apply); Matthews v. New Century Mortg. Corp., 185 F. Supp. 2d 874, 883 (S.D. Ohio 2002)

(applying equitable tolling in an ECOA case).

"The burden is on the plaintiff to show that equitable tolling is warranted." Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993); Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir.1993). "Federal courts have typically extended equitable relief only sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). "[T]raditional equitable tolling principles require that the claimant demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment." Jackson v. Astrue, 506 F.3d 1349, 1355 (11th Cir. 2007); see Hill v. U.S. Dep't of Labor, 65 F.3d 1331, 1335 (6th Cir. 1995) ("The application of equitable principles is warranted when a defendant fraudulently conceals its actions, misleading a plaintiff respecting the plaintiff's cause of action."). "To avoid the bar of a statute of limitations, a plaintiff must prove: (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." Claybrooks v. Primus Auto. Fin. Servs., 363 F. Supp. 2d 969, 977 (M.D. Tenn. 2005) (internal quotation marks omitted). Quite simply, Plaintiff here must allege that Defendant, through USDA action, somehow prevented her from discovering her cause of action.

In support of her position, Plaintiff argues that "because of her multiple administrative claims against the USDA were ongoing and not disposed of by Final Agency Decision until August of 2007, that the District Court maintains jurisdiction under the principles of equitable tolling." (Pl's. Resp., doc. 14, at 4.) Plaintiff likens her situation to that of the plaintiffs in a Southern District of Mississippi case where farmers sued the Secretary of the USDA for, inter alia, violations of the ECOA. In Green v. Veneman, plaintiffs were "non-African American" farmers who alleged that

11

the USDA denied them certain benefits in the form of remedial credit opportunities that were made available to similarly situated African American farmers in violation of the ECOA. 159 F. Supp. 2d 360, 361 (S.D. Miss. 2001). Plaintiff admits that the Green case is not exactly on point, but contends that it is instructive on the issue of equitable tolling and its application in the case at bar. This argument has no merit. While the case does involve an ECOA claim, the court briefly addressed the issue of equitable tolling in its analysis of the plaintiffs' Administrative Procedures Act claim. Id. at 373-74. The Green case sheds no light on how district courts in the Eleventh Circuit should apply equitable tolling to stale ECOA claims. Further, when applied to the case at bar, the district court's reasoning in Green for denying to apply equitable tolling works against Plaintiff here. The court declined to apply the principle even when "plaintiffs may not have been aware of the means by which to seek legal redress for the alleged abuse which they concede they knew they were suffering." Id. at 373. It is the opinion of the undersigned that the Green court, proceeding under the same analysis, would find it a fortiori improper to apply equitable tolling in the case at bar where Plaintiff concedes she was aware that the district courts were an outlet to seek redress for her claims of alleged ECOA violations.

Even more troubling than her attempt to rely on the inapposite Green case is that Plaintiff does not even allege fraudulent concealment in support of argument in favor of the application of equitable tolling. Indeed, there is no allegation of any attempt by Defendant to conceal evidence of their alleged wrongdoings discussed anywhere in the pleadings or in Plaintiff's opposition to the motion. Instead, Plaintiff contends that the delays caused by pursuing relief through Defendant's administrative channels prevented her filing her claim in a timely fashion.

However, Plaintiff does not proffer, nor does she cite to any authority for the proposition that

12

exhaustion of administrative remedies is a prerequisite to filing an action in the federal courts for a violation of the ECOA. Nowhere in the ECOA or in the regulations that expound on the statute is it suggested that a potential plaintiff must satisfy any requirements before proceeding to court with a complaint. With no evidence or even an allegation that Defendant concealed the alleged ECOA violations or that he or the USDA in some way prevented Plaintiff from bringing her claim, an exhaustion requirement would provide Plaintiff with some grounds to argue that the statue of limitations be tolled where, like here, Plaintiff actively pursued administrative remedies. However, had Plaintiff filed a complaint in this Court before she received a final decision from the agency, that complaint would not have been dismissed for a failure to exhaust. As a result, there is no need for this Court to implement such an extraordinary remedy as equitable tolling when Plaintiff was fully aware of the legal recourse afforded to her, and nothing prevented her from seeking legal redress for the duration of the limitations period.

### III. CONCLUSION

Accordingly, Defendant's Motion to Dismiss (doc. 4) is, and is hereby GRANTED.


SO ORDERED, this 6th day of May, 2008.

                                        **/s/ *Hugh Lawson***
                                        HUGH LAWSON, CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

HL/cbb