# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| SHERRY ROBINSON | : | |
| Plaintiff, | : | |
| v. | : | 7:07-cv-167 (HL) |
| ED SCHAFER,[1] Secretary, UNITED STATES DEPARTMENT OF AGRICULTURE, | : | |
| Defendant. | : | |

## **O R D E R**

Currently pending before the Court is Plaintiff's Motion for Permission to Proceed In Forma Pauperis and Affidavit (doc. 19). Although not styled as such, Plaintiff's motion is a request to proceed in forma pauperis on appeal. This Court reserved ruling (doc. 23) on Plaintiff's motion to allow her an opportunity to submit an affidavit thereby complying with the Federal Rules of Appellate Procedure. On June 24, 2008, Plaintiff submitted the required affidavit (doc. 24). Having read and considered Plaintiff's motion and subsequent affidavit, the Court presents its findings below.

## I. BACKGROUND

A thorough recitation of the substantive facts was set forth in the Court's May 6, 2008 Order granting Defendant's Motion to Dismiss (doc. 16), and will not be fully recounted here. However, a brief recitation of the facts and the procedural history is in order. Plaintiff Sherry Robinson is a female farmer engaged in a commercial squash farming operation. She filed the present action against

---

[1] The Complaint named Mike Johanns, former Secretary of Agriculture, as the party defendant. The Court now substitutes Ed Schafer, the current secretary, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

the Secretary of the United States Department of Agriculture ("USDA"), alleging discrimination in the credit arena on the basis of her sex. At issue in this case were various credit transactions that allegedly provide the basis for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691-1691f. The ECOA was enacted to prevent discrimination in the consumer credit arena. The controversial transactions in this case were credit applications submitted to the Farmer's Home Administration ("FmHA") and its successor, the Farm Service Agency ("FSA"), that were summarily denied. Plaintiff pursued her claims of gender discrimination through the administrative channels of the Department of Agriculture, ultimately to no avail. Unfortunately, by the time Plaintiff filed her Complaint with the District Court, over two years had elapsed since the last controversial transaction was deemed to have occurred. Plaintiff's Complaint was eventually dismissed by this Court for being untimely filed.

## II. DISCUSSION

Plaintiff is requesting permission to proceed in forma pauperis for purposes of appealing the Court's Order dismissing her Complaint. Congress promulgated provisions specific to motions to proceed in forma pauperis on appeal: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. § 1915(a)(3). An appeal is not taken in good faith as contemplated by § 1915 when an in forma pauperis applicant seeks the review of issues which can be deemed frivolous from an objective standpoint. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). Further, the Federal Rules of Appellate Procedure also govern motions to proceed in forma pauperis:

Except as stated in Rule 24(a)(3), a party to a district-court action who desires to

2

appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

In this case, Plaintiff submitted the requested affidavit to bring her in forma pauperis motion in compliance with Rule 24. The affidavit and her earlier motion satisfy the three elements of the appellate rule, and this Court sees no reason to certify that this appeal is taken in bad faith. Specifically, Plaintiff claims that her Complaint should be treated as being timely filed because her pursuit of redress through administrative channels tolled the statute of limitations. Based on Plaintiff's financial situation and her compliance with federal rules, she should be allowed to proceed on appeal in forma pauperis.

## III. CONCLUSION

Accordingly, Plaintiff's Motion for Permission to Proceed In Forma Pauperis and Affidavit is GRANTED.

SO ORDERED, this 27th day of June, 2008.

/s/ *Hugh Lawson*
HUGH LAWSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT

HL/cbb